IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

SUSAN ADAMS,

      Plaintiff,

vs

DIVI HOTELS MARKETING, INC.,
DR DIRECTORS, INC.,
DIVI ST. MAARTEN HOLDING, N.V.,

      Defendants.

_____/

## COMPLAINT

Plaintiff sues the Defendants and alleges as follows:

### JURISDICTION

1.      This is an action where the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

2.      Plaintiff, SUSAN ADAMS, is a citizen of the State of New Jersey.

3.      Defendant, DIVI HOTELS MARKETING, INC. (Hereinafter "DIVI HOTELS") is a North Carolina corporation with its principal office and place of business located at 6320 Quadrangle Dr., Suite 210, Chapel Hill, Durham County, North Carolina. The corporation's registered agent is Michael J. Walsnovich located at 6320 Quadrangle Dr., Suite 210, Chapel Hill, North Carolina, 27517-7890.

4.      Defendant, DR DIRECTORS, INC. (Hereinafter "DR DIRECTORS"), is a North Carolina corporation with its principal office and place of business located at 6320 Quadrangle Dr., Suite 210, Chapel Hill, Durham County, North Carolina. The corporation's registered agent is

Michael J. Walsnovich located at 6320 Quadrangle Dr., Suite 210, Chapel Hill, North Carolina, 27517-7890.

5.  Defendant, DIVI ST. MAARTEN HOLDING, N.V. (Hereinafter "DIVI ST. MAARTEN"), is a foreign limited liability company or corporation organized and existing in St. Maarten, with its principal office and place of business located at Little Bay Road, Phillipsburg, St. Maarten. DIVI ST. MAARTEN has sufficient minimum contacts with the state of North Carolina so as to confer jurisdiction in this forum in that the entity continuously and systematically conducts business within North Carolina.

6.  Jurisdiction in this Court is proper under 28 U.S.C. § 1332(a).

7.  The substantive laws of the State of North Carolina are applicable to this action.

## FACTUAL ALLEGATIONS

8.  At all times material hereto, Defendant DIVI HOTELS, owned, operated, managed, maintained, or otherwise controlled the "Divi Little Bay Beach Resort" in St. Maarten.

9.  DR DIRECTORS is the statutory and managing director of DIVI ST. MAARTEN, doing business under the trade name "Divi Little Bay Beach Resort."

10.  At all times material hereto, Defendant, DR DIRECTORS directed, owned, operated, managed, maintained, or otherwise controlled the "Divi Little Bay Beach Resort" in St. Maarten.

11.  At all times material hereto, Defendant, DV ST. MAARTEN owned, operated, managed, maintained, or otherwise controlled the "Divi Little Bay Beach Resort" in St. Maarten.

12.  Between December 31, 2022, and January 7, 2023, Plaintiff was a paid guest in Room 406 of the Divi Little Bay Beach Resort.

13.    On two or more occasions during their stay, Plaintiff and/or her companion notified resort officials and/or employees of water collecting on the floor of their room near the air conditioning unit. Resort personnel and/or officials failed to inspect the room and took no action to remedy the dangerous condition other than to offer Plaintiff and her companion extra towels to sop up the water.

14.    The floor of Room 406 was dry and free of hazards at the time Plaintiff went to sleep on January 6, 2023.

15.    On January 7, 2023, at approximately 3:00 AM, Plaintiff arose from bed to use the bathroom. While walking from the sleeping area to the bathroom, Plaintiff slipped and fell on water that unknown to her, had once again accumulated on the floor from the air conditioning unit.

16.    Plaintiff was seriously injured in the fall. She was hospitalized in St. Maarten for five days until she could be airlifted to a hospital in Miami where she underwent surgery to repair a fractured hip and other injuries.

**FIRST CAUSE OF ACTION AGAINST DIVI ST. MAARTEN HOLDING, N.V.,**

17.    Plaintiff realleges Paragraphs 1 through 16, as if fully set forth herein.

18.    By virtue of its ownership, management, and/or control of the "Divi Little Bay Beach Resort," DIVI ST. MAARTEN owed the Plaintiff a duty of ordinary care to keep the premises in a reasonably safe condition so as not to expose its guests unnecessarily to danger.

19.    DIVI ST. MAARTEN negligently breached its duty to Plaintiff by one or more of the following acts or omissions.

a.    Failing to maintain Room 406 at the "Divi Little Bay Beach Resort" in a reasonably safe condition and to warn Plaintiff of a hidden peril.

b. Failing to take action to make the room reasonably safe despite knowledge of an ongoing water accumulation problem;

c. Failing to inspect the room and the air conditioning unit despite explicit knowledge that the unit was malfunctioning;

d. Failing to warn Plaintiff of the accumulation of water on the floor of the room despite its explicit knowledge that water was present.

e. Failing to make a reasonable inspection of Room 406 and to correct an unsafe condition which reasonable inspection would have revealed.

20. As a direct and proximate result of DIVI ST. MAARTEN'S breach of duty, the Plaintiff suffered physical injuries, all of which are permanent or continuing in nature, including a fractured right hip, head laceration, and other injuries.

21. As a direct and proximate result of DIVI ST. MAARTEN'S breach of duty, the Plaintiff suffered, and continues to suffer the following injuries and damages:

a. Hip pain associated with the fracture and installation of internal fixation devices;

b. Scarring and disfigurement resulting from surgery;

c. Lost wages;

d. Out of pocket medical expenses;

e. The need for ongoing physical therapy;

e. The need to take pain medication;

f. Inability to enjoy life as she did before the injury;

g. Extreme past, present, and future physical and mental pain and suffering

WHEREFORE, Plaintiff demands judgment against DIVI ST. MAARTEN HOLDING, N.V., for her damages as pleaded herein, plus the costs of this action.

## SECOND  CAUSE OF ACTION AGAINST DR DIRECTORS

22.     Plaintiff realleges Paragraphs 1 through 16, as if fully set forth herein.

23.     DR DIRECTORS is the statutory and managing director of DIVI ST. MAARTEN.

24.     By virtue of its ownership, management, and/or control of the "Divi Little Bay Beach Resort," DR DIRECTORS owed the Plaintiff a duty of care to keep the premises in a reasonably safe condition so as not to expose its guests unnecessarily to danger.

25.     DR DIRECTORS negligently breached its duty to Plaintiff by one or more of the following acts or omissions.

a.     Failing to maintain Room 406 at the "Divi Little Bay Beach Resort" in a reasonably safe condition and to warn Plaintiff of a hidden peril.

b.     Failing to take action to make the room safe despite knowledge of an ongoing water accumulation problem;

c.     Failing to inspect the room and the air conditioning unit despite explicit knowledge that the unit was malfunctioning;

d.     Failing to warn Plaintiff of the accumulation of water on the floor of the room despite its explicit knowledge that water was present.

e.     Failing to make a reasonable inspection of Room 406 and to correct an unsafe condition which reasonable inspection would have revealed.

26.     As a direct and proximate result of DR DIRECTORS' breach of duty, the Plaintiff suffered physical injuries, all of which are permanent or continuing in nature, including a fractured right hip, head laceration, and other injuries.

27.     As a direct and proximate result of DR DIRECTORS' breach of duty, the Plaintiff suffered, and continues to suffer the following injuries and damages:

     a.    Hip pain associated with the fracture and installation of internal fixation devices;

     b.    Scarring and disfigurement resulting from surgery;

     c.    Lost wages;

     d.    Out of pocket medical expenses;

     e.    The need for ongoing physical therapy;

     e.    The need to take pain medication;

     f.    Inability to enjoy life as she did before the injury;

     g.    Extreme past, present, and future physical and mental pain and suffering

WHEREFORE, Plaintiff demands judgment against DR DIRECTORS, INC., for her damages as pleaded herein, plus the costs of this action.

### THIRD CAUSE OF ACTION AGAINST DIVI HOTELS

28.     Plaintiff realleges Paragraphs 1 through 16, as if fully set forth herein.

29.     By virtue of its ownership, management, and/or control of the "Divi Little Bay Beach Resort," DIVI HOTELS owed the Plaintiff a duty of care to keep the premises in a reasonably safe condition so as not to expose its guests unnecessarily to danger.

30.     DIVI HOTELS negligently breached its duty to Plaintiff by one or more of the following acts or omissions.

     a.    Failing to maintain Room 406 at the "Divi Little Bay Beach Resort" in a reasonably safe condition and to warn Plaintiff of a hidden peril.

b. Failing to take action to make the room safe despite its explicit knowledge of an ongoing water accumulation problem;

c. Failing to inspect the room and the air conditioning unit despite its explicit knowledge that the unit was malfunctioning;

d. Failing to warn Plaintiff of the accumulation of water on the floor of the room despite its explicit knowledge that water was present.

e. Failing to make a reasonable inspection of Room 406 and to correct an unsafe condition which reasonable inspection would have revealed.

31. As a direct and proximate result of DIVI HOTELS' breach of duty, the Plaintiff suffered physical injuries, all of which are permanent or continuing in nature, including a fractured right hip, head laceration, and other injuries.

32. As a direct and proximate result of DIVI HOTELS' breach of duty, the Plaintiff suffered, and continues to suffer the following injuries and damages:

a. Hip pain associated with the fracture and installation of internal fixation devices;

b. Scarring and disfigurement resulting from surgery;

c. Lost wages;

d. Out of pocket medical expenses;

e. The need for ongoing physical therapy;

e. The need to take pain medication;

f. Inability to enjoy life as she did before the injury;

g. Extreme past, present, and future physical and mental pain and suffering

WHEREFORE, Plaintiff demands judgment against DIVI HOTELS MARKETING, INC., for her damages as pleaded herein, plus the costs of this action.

**Plaintiff demands a trial by JURY**

December 1, 2023

WILKES & MEE, PLLC
Attorneys for Plaintiff

/s/ Lawrence Silverman
NC Bar No. 57227
13400 S. Sutton Park Dr., Suite 1204
Jacksonville, FL 32224
Tel. 904-620-9545
Email: larry@wilkesmee.com
       service@wilkesmee.com