IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SUSAN ADAMS,                          )
                                      )
                  Plaintiff,          )
                                      )
       v.                             )   1:23-CV-1048
                                      )
DIVI HOTELS MARKETING, INC.,          )
DR DIRECTORS, INC., DIVI ST.          )
MAARTEN HOLDING, N.V.,                )
                                      )
                  Defendants.         )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

Susan Adams alleges she was injured by the negligence of the defendants, Divi St. Maarten Holding, N.V., DR Directors, Inc., and Divi Hotels Marketing, Inc., while on the premises of a resort in St. Maarten. Because this Court lacks personal jurisdiction over Divi St. Maarten and because the parties agreed to a mandatory and reasonable forum selection clause requiring Ms. Adams to bring her personal injury claims in St. Maarten, the defendants' motion to dismiss will be granted.

I.  Background Facts

According to the complaint, Ms. Adams is a resident of New Jersey. Doc. 1 at ¶ 2. From December 31, 2022, until January 7, 2023, she was a guest at a hotel property, known as Divi Little Bay Beach Resort, located in St. Maarten. *Id.* at ¶ 12. At least twice during her stay, Ms. Adams or her companion told resort agents that water was

collecting on the floor in their room near the air conditioning unit. *Id.* at ¶ 13. Resort representatives did not inspect the room or address the source of the leaking water. *Id.*

When Ms. Adams went to bed on the night of January 6, 2023, the floor of her room was "dry and free of hazards." *Id.* at ¶ 14. During the early hours of January 7, 2023, Ms. Adams got out of bed, and while walking to the bathroom, she slipped and fell on water that had "once again accumulated on the floor from the air conditioning unit." *Id.* at ¶ 15. Ms. Adams was hospitalized in St. Maarten and later airlifted to Miami, where she received medical care to treat a fractured hip and other injuries. *Id.* at ¶ 16.

Ms. Adams alleges that the three defendants, Divi St. Maarten, DR Directors, and Divi Hotels owned, operated, managed, maintained, or otherwise controlled the Resort. *Id.* at ¶¶ 8, 10–11. She brings negligence claims against each defendant. *Id.* at ¶¶ 17–32.

## II. Personal Jurisdiction over Divi St. Maarten

When challenged, the plaintiff bears the burden of demonstrating personal jurisdiction. *See dmarcian, Inc. v. dmarcian Eur. BV*, 60 F.4th 119, 131 (4th Cir. 2023). At the motion to dismiss stage, "the plaintiff must establish personal jurisdiction by a preponderance of the evidence but need only make a *prima facie* showing." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020) (cleaned up and citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). When considering whether this burden is met, courts must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* (quoting *Combs*, 886 F.2d at 676).

But the "allegations of the complaint are taken as true only if they are not controverted by evidence from the defendant." *Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013) (citing *Wolf v. Richmond Cnty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir. 1984)). If "the defendant has provided evidence . . . that denies facts essential for jurisdiction, the plaintiff must present sufficient evidence to create a factual dispute on each jurisdictional element." *Vogel v. Wolters Kluwer Health, Inc.*, 630 F. Supp. 2d 585, 594 (M.D.N.C. 2008).

For a court to exercise personal jurisdiction over a nonresident defendant, jurisdiction must be authorized by (1) the long-arm statute of the forum state and (2) the Due Process Clause of the Fourteenth Amendment. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *dmarcian*, 60 F.4th at 131. A plaintiff can satisfy the Due Process requirement by demonstrating that there is either general or specific personal jurisdiction. *See Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215–16 (4th Cir. 2001).

Here, Divi St. Maarten has presented undisputed evidence that it "is a limited liability company formed under St. Maarten law with its principal place of business in St. Maarten," *see* Doc. 13-1 at ¶ 2, and that it is not registered to do business and does not have property in North Carolina. *See id.* at ¶¶ 4–5. Divi St. Maarten has also submitted undisputed evidence that the events giving rise to this suit occurred at a resort in St. Maarten, and none of the relevant conduct or events took place in North Carolina. *Id.* at ¶ 3. This evidence tends to show that there is neither general nor specific personal jurisdiction over Divi St. Maarten. *See, e.g., Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124,

134 (4th Cir. 2020) (discussing general jurisdiction); *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278–79 (4th Cir. 2009) (discussing specific jurisdiction).

In her response brief, Ms. Adams did not address Divi St. Maarten's personal jurisdiction argument or present any additional evidence "to create a factual dispute on each jurisdictional element that has been denied by the defendant." *Vogel*, 630 F. Supp. 2d at 594; *see generally* Doc. 18. And, as she has not defended against this argument, she has waived any right to contest Divi St. Maarten's contentions. *See Landress v. Tier One Solar LLC*, 243 F. Supp. 3d 633, 639 n.7 (M.D.N.C. 2017) (noting that "[w]here a party fails to develop an issue in its brief, courts have deemed the issue waived" (citing *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 152 n.4 (4th Cir. 2012)).

The evidence shows that there is no personal jurisdiction over defendant Divi St. Maarten. Secondarily, Ms. Adams has waived her right to assert that there is personal jurisdiction over Divi St. Maarten. The motion to dismiss the claim against Divi St. Maarten will be granted.

### III. Forum Selection Clause

Courts will enforce a forum selection clause as long as it is mandatory and reasonable. *See BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018). "A mandatory clause requires litigation to occur in a specified forum." *Id.* (citing *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650–51 (4th Cir. 2010)). Courts look to the language in the forum selection clause to determine its scope, *see Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 674 (4th Cir. 2018), and they enforce such

a clause as mandatory if it includes language indicating the parties' intent to make the particular forum the exclusive venue for litigation. *See Albemarle*, 628 F.3d at 650–51.

Courts use a four-factor test to assess whether forum selection clauses are reasonable. They ask whether:

> (1) their formation was induced by fraud or overreaching; (2) the complaining party will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (internal quotation marks omitted).

A reasonable mandatory forum selection clause "is given controlling weight in all but the most exceptional cases, and the plaintiff bears the burden of proving why it should not be enforced." *BAE Sys.*, 884 F.3d at 471 (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 63 (2013)). If the plaintiff does not meet her burden, the case must be dismissed. *See Turfworthy, LLC v. Dr. Karl Wetekam & Co. KG*, 26 F. Supp. 3d 496, 503 (M.D.N.C. 2014) (citing *Allen*, 94 F.3d at 926, 932).

Defendants DR Directors and Divi Hotels have presented undisputed evidence that when Ms. Adams checked into the Resort, she signed a contract governing her stay. *See* Doc. 13-1 at p. 3 ¶ 8, p. 5 (Folio # 1100000245). The contract included a forum selection clause specifying that any disputes arising out of injury at the Resort would be subject to the "exclusive jurisdiction" of "the courts of the Island of St. Maarten." *Id.* at p. 3 ¶ 9, p. 5. The forum selection clause states in relevant part:

5

> I agree that any dispute of any kind relating to my participation in any activities or use of accommodations or facilities, including without limitation, any . . . injury or death . . . shall be governed by the laws of St. Maarten and exclusive jurisdiction shall be in the courts of the Island of St. Maarten.

*Id.* at p. 5. This language shows that the parties intended to make St. Maarten the exclusive venue for litigation about personal injury; it specifies that the courts of St. Maarten shall have "exclusive jurisdiction" of "any dispute of any kind." *Id.* The clause also specifies that it applies to any dispute about any injury. *See id.*

There is no claim of any fraud, and any inconvenience of litigating in St. Maarten was "clearly foreseeable at the time of contracting." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17–18 (1972). Ms. Adams has not presented any evidence that the cost and time involved in litigating in St. Maarten rise to the level of depriving her an opportunity to adjudicate the claim. *See Mercury Coal & Coke, Inc. v. Mannesmann Pipe and Steel Corp.*, 696 F.2d 315, 318 (4th Cir. 1982); *see also Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG*, 560 F. Supp. 2d 432, 439 (W.D.N.C. 2008). Nor does she claim that remedies are unavailable under St. Maarten law. *NC Contracting, Inc. v. Munlake Contractors, Inc.*, No. 11-CV-766, 2012 WL 5303295, at *5 (E.D.N.C. Oct. 25, 2012). North Carolina has no strong public policy interest here because Ms. Adams is a citizen of another state and the alleged negligence took place abroad. *See* Doc. 1 at ¶¶ 2, 8, 10, 12–16. All relevant factors establish that the forum selection clause is reasonable.

Ms. Adams contends that this forum selection clause is not mandatory because it conflicts with a forum selection clause in a 1988 lease agreement governing her time-

6

share interest at the Resort.  *See* Doc. 18 at 2–3.  That agreement requires that litigation be brought in Aruba.  *See* Doc. 18-1 at p. 6 ¶ 10.

When confronted with conflicting forum selection clauses, "the question is not whether to enforce a forum selection clause; it is, instead, *which* forum selection clause to enforce."  *Purac Eng'g, Inc. v. Cnty. of Henrico*, 35 F.3d 556 (table), 1994 WL 496700, at *3 (4th Cir. Sept. 13, 1994) (emphasis in original).  To determine which agreement is controlling, courts assess which agreement "forms the contractual relationship between the parties and establishes the rights conferred and the duties undertaken."  *Id.*

The 1988 lease agreement, transferred to Ms. Adams in 2003, *see* Doc. 18-1 at 4, was entered into with "The Dutch Village N.V.," a "wholly-owned subsidiary of the Divi Resorts" based in Aruba.  *Id.* at 5–6.  The provision states that "[a]ny disputes arising under this agreement shall be brought exclusively before the courts of Aruba."  *Id.* at p. 6 ¶ 10.  This agreement covers disputes with the landlord about the lease agreement and does not mention the defendants DR Directors and Divi Hotels.  And its forum selection clause does not say anything about injury claims.

In contrast, the 2022 agreement that Ms. Adams signed when she arrived at the Resort where the alleged injury took place is between the litigants in this case.  Doc. 13-1 at p. 3 ¶ 8, p. 5.  It also contains an exclusive forum selection clause that expressly covers injury claims like the one asserted here.  *See id.* at p. 3 ¶ 9, p. 5.  The 2022 agreement is the controlling contract here because it forms the basis of the relationship between the litigants and covers a claim for personal injury.

7

Because the 2022 agreement is the controlling agreement and because it includes a mandatory and reasonable forum selection clause requiring any claims for personal injury to be brought in St. Maarten, the defendants' motion will be granted. The negligence claims against DR Directors and Divi Hotels will be dismissed.

## IV. Conclusion

The Court does not have personal jurisdiction over defendant Divi St. Maarten. The claims against the other defendants, DR Directors and Divi Hotels, are subject to a mandatory and reasonable forum selection clause requiring the claims to be resolved elsewhere. Thus, the defendants' motion to dismiss will be granted, and the case will be dismissed without prejudice. Judgment will be entered separately.

It is **ORDERED** that the defendants' motion to dismiss without prejudice, Doc. 12, is **GRANTED**. Judgment will be entered separately.

This the 29th day of March, 2024.

_____
UNITED STATES DISTRICT JUDGE